## NICK v TOLEDO SEED & OIL CO

Ohio Appeals, 6th Dist, Lucas Co
No 2466. Decided Dec 8, 1930

Deeds & Cole, Toledo, for Nick.

Tracy, Chapman & Welles, Toledo, for Seed & Oil Co.

WILLIAMS, J.

This cause comes into this court on appeal from the court of common pleas. Plaintiff seeks an injunction against the defendant to prevent the dissenmination of castor bean dust about the city.

Plaintiff contends that the dust coming from defendant's plant causes many persons residing thereabout to be afflicted with asthma. The business now carried on by the defendant was established about the year 1907 by Guy Major, at one time mayor of the city of Toledo. From that business sprang that now carried on at defendant's plant. This plant is located in East Toledo and while there are many manufacturing plants in the neighborhood, it is also a residential section and there are numerous residences adjacent to and within a mile of defendant's factory. Many of these residences were there when the plant was first built. The defendant is engaged in making linseed oil and castor oil.

In the making the castor oil, the castor bean is first pressed and as much oil extracted as is possible in that way. What remains is called the first residue. This residue is then treated chemically and more oil is extracted, and what is then left is called the second residue. The second residue is then taken and ground up and put upon the market as fertilizer. The grinding of the second residue produces the dust about which complaint is made.

For many years people residing about the plant and within a mile or more therefrom, have become afflicted with asthma. At least one person residing near this mill has died from this disease, and many of those who suffered have been rendered so sick for long periods of time as to be unable to perform labor or leave their places of abode. It was not suspected by the public, previous to 1926, that this dust would cause that disease. About that time investigations were begun by Dr. Karl D. Figley and Dr. Robert H. Elrod, both of Toledo, and as a result thereof they published in the Journal of the American Medical Association of January 14, 1928, their findings. In these findings they stated that they found thirty cases of asthma known to have been caused by the inhalation of finely powdered castor bean dust which came from the mill of the defendant, and that fifty-five other cases of asthma were probably the result of inhaling dust which came from the same mill. When it was found that the operation of defendant's mill was causing asthma, steps were taken by the defendant to install apparatus to prevent the escape of the dust, and this installation was completed in May, 1928. It is contended in this cause by the plaintiff that since this installation the plaintiff and others residing in the neighborhood continued to suffer attacks of asthma resulting from breathing fine particles of castor bean dust, invisible and odorless, which came from the mill. On the other hand, the defendant claims that the apparatus installed is effective to prevent the dust getting into the air in sufficient quantities to injure health, and further claims that many of the asthmatic attacks took place when there was no grinding of the second residue at the mill. Some scientific tests were conducted, the results of which tended to prove defendant's contention. On the other hand, it appears that dust may escape when the mill is not grinding but the product is being handled. The evidence shows clearly and convincingly that many persons have suffered asthma from castor bean dust coming from the mill since the period of installation of the apparatus in May, 1928, and scientific tests in the instant case must give way to the

facts of actual experience as disclosed by the evidence. At least the scientific demonstrations that were made are not at all conclusive. The mill, as operated, constitutes a nuisance, dangerous to human life and health.

It follows that the plaintiff is entitled to relief and this court enjoins the defendant from operating its mill so as to allow the escape of castor bean dust and specifically enjoins the defendant from producing fertilizer from the castor bean, until such time as a plan is devised for operating the mill and plant so that there will be no escape of the harmful dust.

The court will retain jurisdiction of the cause for the purpose of permitting the defendant to submit for consideration such a plan, should one be devised in the future, and if such plan of operation is presented to the court, the court will make such order at that time as is warranted under the circumstances as shown by evidence.

Lloyd and Richards, JJ, concur.